No. 9299.

BRADY *v.* BLAKESLEE ET AL.

Verdict upon conflicting evidence, supersedeas denied and judgment affirmed.

*Error to Denver County Court, Hood, Judge.*

HENRY HOWARD, Jr., for plaintiff in error.

CAESAR A. ROBERTS and LESLIE M. ROBERTS, for defendants in error.

Opinion by White, C. J.

Blakeslee and his wife, plaintiffs in the trial court, claimed that they were the owners and in possession of certain household goods of the value of $1,200, which they stored in a public warehouse; that thereafter Brady obtained the warehouse receipt and, with the intent to commit a wilful wrong upon plaintiffs, seized and sold said goods without the knowledge or consent of plaintiffs; and, though often requested to pay and account to plaintiffs therefor, had refused so to do. Brady denied the alleged value of the goods, admitted the taking thereof, but claimed that his acts in that regard were in the foreclosure of a chattel mortgage upon such goods, held by the Muntzing-Brady Loan and Investment Company, a corporation, of which he was then and there the agent. The court

advised the jury that if they should find from the evidence that the property was taken by the corporation in the foreclosure of its chattel mortgage, defendant was not liable to plaintiffs therefor, but if the evidence established the fact that the property was taken by Brady individually, and not acting as the agent of the corporation, they should find for the plaintiffs. The jury found the issues in favor of the plaintiffs in the sum of $389.80, upon which the court entered judgment. Plaintiff in errror contends that there was no evidence to support the verdict or to authorize the court to permit the jury to determine whether or not the property was taken by Brady individually or as the agent of the corporation. We do not concur in this view. The jury was justified in believing that it was the warehouse receipt, not the chattel mortgage, that Brady used to acquire possession of the property. The warehouse man testified that Brady presented such receipt, and it was by virtue thereof that he got the goods, and the chattel mortgage was not presented. Brady alone testified that he was the agent of the corporation holding the mortgage, and was at the time acting for such mortgagee and sold the goods, applied the proceeds thereof upon the mortgage indebtedness and thereafter purchased of the corporation the balance of such indebtedness. Under this state of the record we think the court did not err to the prejudice of the defendant in submitting the whole matter to the jury. The application for *supersedeas* is, therefore, denied and the judgment affirmed.

Mr. Justice Hill and Mr. Justice Teller concur.

*Judgment affirmed.*